IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,  :<br>:<br>Plaintiff,  :<br>:<br>v.  :<br>:<br>STARR'S MILL ACADEMY,  :<br>:<br>Defendant.  :<br>_____ : | CIVIL ACTION NO.<br><br><br>**COMPLAINT**<br><br>JURY TRIAL DEMANDED |

# **COMPLAINT**

This is an action under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), the Age Discrimination in Employment Act of 1967, as amended ("ADEA"), Title I of the Americans with Disabilities Act, as amended ("ADA"), and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of retaliation, and to provide appropriate relief to Ms. Hazel Matthews-Forte ("Matthews-Forte"), who was adversely affected by such practices. The Commission alleges that Defendant filed a lawsuit against Matthews-Forte in retaliation for her filing an EEOC charge against the company opposing its unlawful employment practices in violation of Title VII, the ADEA, and the ADA.

## JURISDICTION AND VENUE

1.   Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3), Section 7(b) of the ADEA, 29 U.S.C. § 626(b), which incorporates by reference Section 16(c) and 17 of the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217, Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.   The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Georgia, Newnan Division.

## PARTIES

3.   Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, the ADEA, and the ADA and is expressly authorized to bring this action by Section 706(f)(1) and (3)

2

of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3), Section 7(b) of the ADEA, 29 U.S.C. § 626(b), and Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4. At all relevant times, Starr's Mill Academy ("Defendant") has continuously been doing business in the State of Georgia and the City of Peachtree City and has continuously had at least 20 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e(b), (g) and (h), Sections 11(b), (g), and (h) of the ADEA, 29 U.S.C. §§ 630(b), (g), and (h), Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7).

## STATEMENT OF CLAIMS

6. More than 30 days prior to the institution of this lawsuit, Matthews-Forte filed her charge with the Commission alleging violations of Title VII, the ADEA, and the ADA by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. In December 2009, Defendant engaged in unlawful employment practices at its Peachtree City, Georgia, facility in violation of Title VII, the

ADEA, and the ADA when it filed a lawsuit against Matthews-Forte in retaliation for her filing an EEOC charge against the company opposing what she, in good faith, believed to be its unlawful employment practices in violation of Title VII, the ADEA, and the ADA.

8. In or around March 2007, Defendant hired Matthews-Forte as a Teacher's Assistant.

9. In January 2009, Matthews-Forte took a medical leave of absence from work after spraining her back. Matthews-Forte returned to work in late January 2009.

10. On February 27, 2009, Matthews-Forte was terminated by Defendant.

11. After she was terminated, Matthews-Forte believed that Defendant replaced her with younger, non-disabled, White employees. Thus, on April 21, 2009, Matthews-Forte filed a charge with the EEOC against Defendant alleging that she was unlawfully terminated in violation of Title VII, the ADEA, and the ADA.

12. On December 16, 2009, Defendant filed a civil lawsuit against Matthews-Forte in Superior Court of Fayette County, Georgia, alleging that Matthews-Forte made fraudulent allegations in her April 2009 EEOC charge and

demanded a judgment against her in the sum of $100,000.

13. Defendant's filing of the lawsuit against Matthews-Forte on the basis of her EEOC charge allegations constitutes unlawful retaliation under Title VII, the ADEA and the ADA.

14. The effect of the unlawful employment practices complained of in paragraphs 7-13 above have been to deprive Matthews-Forte of equal employment opportunities and otherwise adversely affect her status as an employee because she engaged in protected activity.

15. The unlawful employment practices complained of in paragraphs 7-13 above were intentional.

16. The unlawful employment practices complained of in paragraphs 7-13 above were carried out with malice and/or reckless indifference to the federally protected rights of Matthews-Forte.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all other persons in active concert or participation with it, from engaging in employment practices which discriminate against individuals

who engage in protected activity.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for all employees and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make Matthews-Forte whole, who was adversely affected by Defendant's discriminatory conduct, by providing any affirmative relief necessary to eradicate the effects of Defendant's unlawful employment practices, including but not limited to any lost wages with prejudgment interest resulting from the retaliation.

D. Order Defendant to make Matthews-Forte whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including but not limited to all expenses incurred in defending herself against Defendant's lawsuit, in amounts to be determined at trial.

E. Order Defendant to make Matthews-Forte whole by providing compensation for non-pecuniary losses resulting from the unlawful employment practices described above, including emotional pain and suffering, inconvenience, loss of enjoyment of life, anxiety, stress, depression, and humiliation, in amounts

to be determined at trial.

  F. Order Defendant to pay Matthews-Forte liquidated and/or punitive damages for Defendant's willful and/or reckless conduct described above, in amounts to be determined at trial.

  G. Grant such further relief as the Court deems necessary and proper.

  H. Award the Commission its costs in this action.

[Jury Trial Demand and signature page follows]

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

                                          Respectfully submitted,

                                          P. David Lopez
                                          General Counsel

                                          James L. Lee
                                          Deputy General Counsel

                                          Gwendolyn Young Reams
                                          Associate General Counsel

| | |
|---|---|
|   9/14/10   | s/Robert K. Dawkins |
| Date | Robert K. Dawkins |
| | Regional Attorney |
| | Georgia Bar No. 076206 |
| | robert.dawkins@eeoc.gov |
| | |
| Sairalina Montesino | Ottrell Edwards |
| Trial Attorney | Supervisory Trial Attorney |
| Georgia Bar No. 940665 | Georgia Bar No. 141979 |
| sairalina.montesino@eeoc.gov | ottrell.edwards@eeoc.gov |
| | |
| | U.S. Equal Employment Opportunity Commission |
| | Atlanta District Office |
| | 100 Alabama St., SW, Suite 4R30 |
| | Atlanta, Georgia 30303 |
| | Telephone:  (404) 562-6818 |